**Affirmed; Opinion Filed June 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00201-CR

### JESUS PATRICIO LOPEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-63646-V**

## MEMORANDUM OPINION ON REMAND

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Jesus Patricio Lopez pleaded nolo contendere to burglary of a habitation, and the trial

court sentenced appellant to twenty years' imprisonment. Appellant brought one issue on appeal

asserting the evidence was insufficient to support his conviction. This Court found the evidence

of appellant's guilt insufficient to meet the standard of article 1.15 of the code of criminal

procedure, we reversed appellant's conviction, and we remanded the cause to the trial court for

further proceedings. *Lopez v. State*, No. 05-12-00201-CV, 2013 WL 363777 (Tex. App.—Dallas

Jan. 31, 2013) (mem. op., not designated for publication) (*Lopez I*), *rev'd*, No. PD-0245-13, 2013

WL 6123577 (Tex. Crim. App. Nov. 20, 2013) (not designated for publication). The Texas

Court of Criminal Appeals granted the State's petition for discretionary review and determined

the evidence was sufficient. The court of criminal appeals reversed our judgment and remanded

the cause to this Court for further proceedings. *Lopez v. State*, PD-0245-13, 2013 WL 6123577, *1, 3 (Tex. Crim. App. Nov. 20, 2013) (not designated for publication) (*Lopez II*). After the case was remanded to this Court, the parties filed supplemental briefing. Appellant brings one issue contending the evidence was insufficient to support his plea because there was no evidence appellant inflicted serious bodily injury on the complainant. Because the court of criminal appeals determined the evidence was sufficient to support the plea, we affirm the trial court's judgment.

Appellant and his brother broke into the complainant's house and beat him. The complainant went to the hospital, and "he received stitches around his left eye." *Lopez II*, at *1. The State charged appellant with burglary of a habitation, alleging appellant entered a habitation without the effective consent of the complainant and committed the felony of aggravated assault. *Lopez I*, at *1. The State agreed with appellant that there had to be some evidence that appellant caused serious bodily injury to another. *Id.* Over ten months after the incident, the complainant testified at the hearing on appellant's plea of nolo contendere that he did not see well out of his left eye; however, he did not testify that his impaired vision was related to the beating. *See Lopez II*, at *1–2; *Lopez I*, at *1–2. The court of criminal appeals noted that "[f]act finders are permitted 'to draw multiple reasonable inferences from facts as long as each is supported by the evidence at trial.'" *Lopez II*, at *2 (quoting *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The court concluded that "the state offered evidence that supports a reasonable inference that appellant's actions caused the complainant's prolonged visual impairment." *Lopez II*, at *3.

Appellant contends in his issue on remand that "[t]here is no evidence that Lopez caused the complainant's decreased vision. The State failed to satisfy its burden under any standard." Appellant argues that "[t]here is simply no evidence, anywhere, that Lopez's assault caused the

complainant to lose his vision." Appellant's argument is contrary to the court of criminal appeals' conclusion. The court of criminal appeals expressly determined "that appellant's actions caused the complainant's prolonged visual impairment." *Lopez II*, at *3.

"This Court is bound by the holdings of the court of criminal appeals." *Brown v. State*¸ 92 S.W.3d 655, 659 (Tex. App.—Dallas 2002), *aff'd*, 122 S.W.3d 794 (Tex. Crim. App. 2003). Because the court of criminal appeals concluded that the evidence was sufficient to find "that appellant's actions caused the complainant's prolonged visual impairment," a necessary fact in the State's allegation that appellant committed aggravated assault, we must also conclude the evidence is sufficient. We overrule appellant's sole issue on remand.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
120201RF.U05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESUS PATRICIO LOPEZ, Appellant

No. 05-12-00201-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-63646-V.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of June, 2014.

/Lana Myers/

LANA MYERS
JUSTICE